# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2022

Lyle W. Cayce
Clerk

No. 21-51216
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAMIRO ESTEBAN GRANADOS-DOMINGUEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-680-1

Before BARKSDALE, HIGGINSON, and HO, *Circuit Judges*.

PER CURIAM:*

Ramiro Esteban Granados-Dominguez appeals his within-Guidelines 57-months' sentence for illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(1). He claims the district court violated Federal Rule of Criminal Procedure 32 by conducting the sentencing hearing with a copy of the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-51216

presentence investigation report (PSR) borrowed from the probation officer instead of using the court's own copy.

Because Granados did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, our court has the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

At sentencing, the court stated it had previously reviewed the PSR "repeatedly", and was satisfied that the copy he received was the same as the one he had reviewed. Granados does not cite, and Rule 32 does not contain, any requirement that the district court use its own copy of the PSR at sentencing; accordingly, there was no plain (clear or obvious) error. Fed. R. Crim. P. 32.; *e.g.*, *Puckett*, 556 U.S. at 135 (requiring "clear or obvious" error). In addition, even if he could show plain error, Granados does not show his substantial rights were affected with his purely speculative assertion that the court's copy may have contained notes or highlights which the court would not have recalled using the borrowed copy.

AFFIRMED.